IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ALBERT J. ASTARITA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MENARD, INC. d/b/a MENARDS,<br><br>Defendant. | Case No.<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff Albert J. Astarita ("Astarita"), individually, and on behalf of all others similarly situated, brings this Complaint against Menard, Inc. d/b/a Menards ("Menards" or "Defendant"), and hereby states and alleges as follows:

## INTRODUCTION

1. Plaintiff and all other similarly situated employees work or worked for Menards, a national home improvement store.

2. Pursuant to its company-wide policies and procedures, Menards failed to pay Plaintiff, and other similarly situated employees, for all hours worked, or overtime for all hours worked over 40 in a single workweek. Specifically, Menards failed to pay its employees for time spent attending or participating in Menards' In-Home Training Program. Menards' systematic violation of federal and state wage laws was willful.

3. Plaintiff, individually, and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime wages owed to Plaintiff and all other similarly situated workers

1

employed by Menards; and (b) a Rule 23 class action under Missouri state law, including the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500, *et seq*.

## JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL's wage and hour provisions. Jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527, in that such state law claims are so related to the FLSA claims that they form part of the same case or controversy.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

7. Plaintiff is a resident of the State of Missouri.

8. From December 2016 to the present, Plaintiff has been employed by Menards as an hourly, non-exempt employee in the Flooring Department. Plaintiff works from Menards' store located at 8901 N. Green Hills Road, Kansas City, Missouri 64154.

9. Plaintiff's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

10. Menards is a for-profit corporation organized under the laws of the State of Wisconsin, with its principal place of business located in the State of Wisconsin.

11. Menards' corporate headquarters is located at 5101 Menard Drive, Eau Claire, Wisconsin 54703.

12. At all relevant times, Menards was the employer of Plaintiff and all other similarly situated employees.

13. At all times relevant to this action, Menards acted by and through its agents, servants, and employees, each of whom acted in the course and scope of his or her employment with and for Menards.

## ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff re-alleges the allegations set forth above.

15. Menards "has more than 300 home improvement stores located in Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Wisconsin and Wyoming." https://www.menards.com/main/footer/company-information/about-us/c-3582.htm (last visited Dec. 20, 2017).

16. "As an employer, Menards provides the tools and training that are needed to ensure that we provide great customer service, in stores or online." https://www.menards.com/main/footer/menards-careers/c-14016.htm (last visited Dec. 20, 2017).

17. "Menards home improvement stores employs over 45,000 employees!" https://www.menards.com/main/footer/company-information/about-us/c-3582.htm (last visited Dec. 20, 2017).

### Menards' In-Home Training Program

18. Menards' In-Home Training ("IHT") Program is a "program designed to help Team Members increase their knowledge of products and job duties in their department, which in turn

3

will result in better service to [Menards'] guests." https://www.menards.com/main/c-14027.htm (last visited Dec. 20, 2017).

19. Menards' In-Home Training Program is described in its "In Home Training Program – Policy & Procedure #166" which applies to "All Team Members" at its home improvement stores across the country.

20. According to Menards' "In Home Training Program – Policy & Procedure #166":

   a. "The In Home Training program is designed to help Team Members increase their knowledge of products and job duties in their department, which in turn will provide better service to our Guests."

   b. "All Team Members, in all positions and work units, whether they are management, full-time, or part-time, are allowed and encouraged to participate in the In Home Training Program."

   c. "Within two days from his or her hire date, the Team Member can access and begin completing In Home Training."

   d. "All course work is completed in the Team Member's home or at some other location – NOT while at work."

   e. "All Merchandising departments and most positions in the store have an In Home Training subject."

   f. "Each department's subject consists of different courses (anywhere from 2 to 12 courses), each focusing on a different topic within the department's realm of products and job duties."

   g. "If a Team Member transfers to another department, they are encouraged to enroll in their new department's In Home Training."

4

  h.  "After reading the relevant course material(s) the Team Member will take a test. The Team Member will follow the directions to take his or her test on the Team Member portal website. Test results online are immediate. Team Members will need to successfully complete each course (must receive an 80% or higher) before moving on to the next course in a subject."

  i.  "Participation and completion in the In Home Training Program may be used as one of the many deciding factors when Team Members apply for a promotion."

  j.  "The Learning Management System (LMS) has an on-demand report function displaying the In Home Training Program active participation at your store. General Managers, Assistant General Managers, and Human Resource Coordinators are able to view the most up-to-date information about [In Home Training] activity in the store. This assists in reviewing and acknowledging those who [sic] actively participating and to encourage those who are not participating or who have become overdue in their coursework."

  k.  "The In Home Training Weekly Active/Inactive Report is also emailed each Sunday morning to each Department Manager and shows which Team Members are 'active' in In Home Training."

  21.  Menards' In-Home Training Program Portal states the following on its Welcome page: "The In-Home Training Program helps prepare you for a successful career with Menards through […] Position-focused education: You can choose to enroll in programs that directly relate to your current position[.]"

5

22. The FLSA requires that an employer compensate an employee for all hours worked. Section 3 of the FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and "employ" as including "to suffer or permit to work." 29 U.S.C. § 203(g); *see also* 29 C.F.R. § 785.11. "The rule is also applicable to work performed away from the premises or the job site, or even at home." 29 C.F.R. § 785.12. "If the employer knows or has reason to believe that the work is being performed, he must count the time as hours worked." *Id.*

23. "In all such cases, it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them." 29 C.F.R. § 785.12.

24. Attendance at lectures, meetings, training programs and similar activities must be counted as working time, unless the following four criteria are met: (a) attendance is outside of the employee's regular working hours; (b) attendance is in fact voluntary; (c) the course, lecture, or meeting is not directly related to the employee's job; and (d) the employee does not perform any productive work during such attendance. 29 C.F.R. § 785.27. If all four criteria are not met, the time so spent will be considered compensable.

25. "Attendance is not voluntary, of course, if it is required by the employer." 29 C.F.R. § 785.28. Nor is it voluntary "if the employee is given to understand or led to believe that his present working conditions or the continuance of his employment would be adversely affected by nonattendance." *Id*.

26. The training is directly related to the employee's job "if it is designed to make the employee handle his job more effectively." 29 C.F.R. § 785.29.

27. Time spent attending or participating in Menards' In-Home Training Program is compensable working time because: (a) attendance is not outside of the employee's regular

6

Case 5:17-cv-06151-RK    Document 1    Filed 12/21/17    Page 6 of 20

working hours; (b) attendance is not voluntary; (c) the training program provides training that is directly related to the employee's job; and/or (d) the employee performs productive work during such attendance.

28. Specifically, Menards' employees are given to understand or led to believe that their present working conditions or the continuance of their employment would be adversely affected by not participating in Menards' In-Home Training Program. Further, Menards' In-Home Training Program is designed to make its employees more effective at their current jobs and are directly related to employees' jobs for Menards. Because the four criteria are not met, such attendance or participation in Menards' In-Home Training Program is compensable working time.

29. Plaintiff and all similarly situated employees are hourly, non-exempt employees who work or worked for Menards at its home improvement stores in the United States within the respective limitations periods and were not compensated for the time spent attending or participating in Menards' In Home Training Program.

30. During their employment, Plaintiff and other similarly situated employees attended or participated in Menards' In-Home Training program by reading the relevant course material(s) for each subject and taking tests on the Team Member portal website.

31. Pursuant to its policies and procedures, Menards does not count the time spent by its employees attending or participating in Menards' In-Home Training Program as hours worked, or for purposes of determining whether the employees worked over 40 hours in a single workweek.

32. Pursuant to its policies and procedures, Menards does not compensate its employees for time spent attending or participating in Menards' In-Home Training Program during each workweek.

33. Menards' unpaid training policy resulted in Plaintiff and other similarly situated employees receiving no hourly wage for attending or participating in Menards' In-Home Training Program during those workweeks.

34. Menards' unpaid training policy caused Plaintiff and other similarly situated employees to incur overtime for which they were not compensated (for all hours worked over 40 in a single workweek) during those workweeks.

35. For example, during the pay period of 08/05/2017 – 08/12/2017, Plaintiff participated in Menards' In-Home Training Program by taking multiple training courses through Menards' online portal, which were described as follows: (1) Laminate Flooring ("This laminate flooring course will increase your understanding of the flooring product and includes the different types of laminate, as well as information on installation."); (2) Resilient Flooring ("This course of the training is intended to familiarize you with resilient flooring and related products, as well as some information to aid the Guest with their installation questions."); and (3) Selling Flooring ("In this course, you will learn some of the methods for selling flooring products, including: how to qualify a Guest and how to close a sale."). These training courses were directly related to Plaintiff's job in the Flooring Department.

36. Plaintiff did not receive compensation for time spent participating in Menards' In-Home Training Program during the pay period of 08/05/2017 – 08/12/2017. As a result, Plaintiff was not properly paid for all hours worked, including overtime hours worked in excess of 40 hours during that workweek, in violation of federal and state laws.

37. Because of Menards' policies and procedures, Menards has failed to pay Plaintiff (and all similarly situated employees) for all hours worked and/or overtime for any hours worked

8

over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), Missouri's Minimum Wage Laws ("MMWL"), and Missouri common law.

38. Menards' In-Home Training Program policies and procedures apply to Plaintiff and all other similarly situated employees at Menards' home improvement stores nationwide.

## **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

39. Plaintiff re-alleges the allegations set forth above.

40. Plaintiff brings Count I of the FLSA claim arising out of Defendant's unlawful unpaid training policy as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following collective action class:

   a. FLSA Unpaid Training Collective: All persons currently and formerly employed by Defendant in hourly positions within the United States who participated in the In-Home Training Program at any time during the last three (3) years.

41. Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendant's above-described FLSA violation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

42. Plaintiff brings Count II, the MMWL claim arising out of Defendant's unpaid training policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

   a. MMWL Unpaid Training Class: All persons currently and formerly employed by Defendant in hourly positions within the State of Missouri

who participated in the In-Home Training Program at any time during the last two (2) years.

43. Plaintiff brings Count III, the unjust enrichment/quantum meruit claim, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

    a. <u>Unjust Enrichment / Quantum Meruit Class</u>: All persons currently and formerly employed by Defendant in hourly positions within the United States who participated in the In-Home Training Program at any time during the last five (5) years.

44. Plaintiff brings Count IV, the breach of contract claim, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

    a. <u>Breach of Contract Class</u>: All persons currently and formerly employed by Defendant in hourly positions within the United States who participated in the In-Home Training Program at any time during the last five (5) years.

45. Plaintiff's MMWL claim (Count II) unjust enrichment/quantum meruit claim (Count III), and breach of contract claim (Count IV) described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

46. These classes each number in the thousands of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

47. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

a. Whether Defendant violated the law when it failed to pay Plaintiff and class members for all hours worked;

b. Whether Defendant had policies and procedures of failing to compensate Plaintiff and class members for all time worked;

c. Whether Defendant failed to pay Plaintiff and class members overtime compensation required under R.S.Mo. § 290.500 *et seq.*;

d. Whether Defendant were unjustly enriched by its policies and procedures with respect to Plaintiff's and class members' pay; and

e. Whether Defendant willfully violated state and federal wage and hour laws.

48. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

49. Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar position as Plaintiff and were subject to the same or similar unlawful policies or procedures as Plaintiff.

50. A class action is the superior method for the fair and efficient adjudication to Plaintiff's claims. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

51. Plaintiff is an adequate representative because he is a member of each of the respective classes he seeks to represent, and his interests do not conflict with the interests of the

members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and his undersigned counsel, who is experienced prosecuting complex wage and hour, employment, and class action litigation.

52. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO FLSA CLAIM (COUNT I)

53. At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

54. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

55. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

56. During all relevant times to this action, Defendant was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

57. During all times relevant to this action, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

58. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA.

59. Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

60. Although the FLSA contains some exceptions (or exemptions) from the overtime requirements, none of those exceptions (or exemptions) apply here.

61. Plaintiff and all similarly situated employees are victims of uniform and nationwide compensation policies. Based on information and belief, Defendant is applying the same unlawful compensation policies to all similarly situated employees in its home improvement stores nationwide.

62. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

63. Defendant have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

13

Case 5:17-cv-06151-RK   Document 1   Filed 12/21/17   Page 13 of 20

64. Because of these violations of the FLSA's overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO MMWL CLAIM (COUNTS II)

65. At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq*.

66. The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exceptions not applicable herein. R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

67. The MMWL should be construed in accordance with its provisions and those of the FLSA. Specifically, the Missouri Department of Labor has promulgated regulations providing that except as otherwise provided by Missouri law, the interpretation and enforcement of the MMWL follows the FLSA and its companion regulations. *See* 8 C.S.R. § 30-4.010(1).

68. During all times relevant to this action, Defendant was the "employer" of Plaintiff and the class members within the meaning of the MMWL. R.S.Mo. §§ 290.500(3), (4).

69. During all times relevant to this action, Plaintiff and the class members were Defendant's "employees" within the meaning of the MMWL. R.S.Mo. §§ 290.500(3).

70. Plaintiff and the class members are covered, non-exempt employees within the meaning of the MMWL.

71. Pursuant to the MMWL, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. R.S.Mo. § 290.505.1.

72. Although the MMWL contains some exceptions (or exemptions) from the overtime pay obligations, none of those exceptions (or exemptions) apply here. R.S.Mo. § 290.500(3).

73. Plaintiff and the class members are victims of uniform and employer-based compensation policies. Based on information and belief, Defendant is applying the same unlawful compensation policies to Plaintiff and the class members in its home improvement stores in the State of Missouri.

74. Plaintiff and the Class are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint, plus periods of equitable tolling, along with an additional equal amount as liquidated damages, less any amount actually paid to the employees by Defendant. R.S.Mo. § 290.527.

75. Plaintiff and the Class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

76. Defendant is also liable to Plaintiff and the Class for costs and reasonable attorney fees incurred in this action. R.S.Mo. § 290.527.

## COUNT I - FLSA (Unpaid Overtime Wages)

### Arising Out of Defendant's Unpaid Training Policy

### (Brought Against Defendant by Plaintiff, Individually, and on Behalf of All Others Similarly Situated)

77. Plaintiff re-alleges the allegations set forth above.

15

78. Defendant violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

79. Specifically, as discussed above, Defendant did not compensate its employees for time spent attending or participating in Defendant's In-Home Training Program.

80. Defendant's policy and practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked by forcing its employees to work off-the-clock when attending and participating in such unpaid training classes.

**WHEREFORE**, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a. Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

    b. Award Plaintiff and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

    c. Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

    d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

    e. Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

    f. Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT II – MMWL (Unpaid Overtime Wages)

### Arising Out of Defendant's Unpaid Training Policy

### (Brought Against Defendant by Plaintiff, Individually, and on Behalf of All Others Similarly Situated)

81. Plaintiff re-alleges the allegations as set forth above.

82. Defendant violated the MMWL by failing to pay Plaintiff and all other similarly situated employees for all compensable hours worked at the legal and applicable wage rates for all hours worked in a workweek.

83. Specifically, as discussed above, Defendant did not compensate its employees for time spent attending or participating in Defendant's In-Home Training Program.

84. Defendant's practice was to unlawfully and willfully fail to properly pay its hourly employees for all hours worked by forcing its employees to work off-the-clock when attending such unpaid training classes.

**WHEREFORE**, on Count II of this Complaint, Plaintiff and the Class demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

    b. Award Plaintiff and the Class damages for unpaid overtime wages under R.S.Mo. § 290.527;

    c. Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

    d. Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

    e. Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f. Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT III

### Unjust Enrichment / Quantum Meruit

### (Brought Against Defendant by Plaintiff, Individually, and on Behalf of All Others Similarly Situated)

85. Plaintiff re-alleges the allegations set forth above.

86. Defendant benefited from the unpaid work performed by Plaintiff and the Class during training time. Additionally, Defendant benefited by failing to pay its employees at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all hourly wages and overtime wages in compliance with the law.

87. Defendant was aware or should have been aware that it was receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

88. Defendant's acceptance and retention of the benefit of Plaintiff and the Class's unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

**WHEREFORE**, on Count III of this Complaint, Plaintiff and the Class demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

    b. Order Defendant to disgorge the value of its ill-gained benefits to Plaintiff and the Class;

    c. Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

18

Case 5:17-cv-06151-RK    Document 1    Filed 12/21/17    Page 18 of 20

d. Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT IV

### Breach of Contract

**(Brought Against Defendant by Plaintiff, Individually, and on Behalf of All Others Similarly Situated)**

89. Plaintiff re-allege the allegations set forth above.

90. Defendant entered into a contract with Plaintiff and all similarly situated employees through which they agreed that employees would get paid an agreed-upon hourly rate for every hour worked during their employment.

91. Defendant breached this contract by failing to pay Plaintiff and all others similarly situated their agreed-upon hourly rate for every hour worked during their employment.

92. Because of Defendant's breach, Plaintiff and all others similarly situated have been damaged.

93. Because of Defendant's breach, Plaintiff and all others similarly situated have been damaged.

94. WHEREFORE, on Count IV of this Complaint, Plaintiff and the Class demand judgment against Defendant and pray this Court:

a. Certify the state law claim set forth in Count X above as a class action pursuant to Fed. R. Civ. P. 23;

b. Order Defendant to pay Plaintiff and the Class for the improperly withheld wages in violation of their contract;

c. Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

      d.      Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated: December 21, 2017

Respectfully submitted,

McCLELLAND LAW FIRM
*A Professional Corporation*

By: /s/ Ryan L. McClelland
Ryan L. McClelland, MO Bar #59343
Michael J. Rahmberg, MO Bar #66979
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone: (816) 781-0002
Facsimile: (816) 781-1984
ryan@mcclellandlawfirm.com
mrahmberg@mcclellandlawfirm.com

ATTORNEYS FOR PLAINTIFF