| | | |
|---|---|---|
| ALBERT J. ASTARITA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:17-06151-CV-RK |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are several pending motions: (1) Plaintiff's Motion for Conditional Certification of Class Claims under 29 U.S.C. § 216(b) (doc. 11); (2) Defendant's Motion to Stay Briefing and for Extension of Time to Respond to Plaintiff's Motion for Conditional Certification (doc. 22); (3) Defendant's Motion to Dismiss, or in the Alternative, to Stay the Proceedings and Compel Arbitration (doc. 24); and (4) Plaintiff's Motion to Stay Consideration of Defendant's Motion to Dismiss, Pending a Ruling on Conditional Certification (doc. 27). At this juncture, the Court takes up the parties' competing motions to stay and related suggestions (docs. 22, 23, 27, 28, 29, 32, and 41). For the reasons below, the Court **DENIES** Defendant's motion to stay (doc. 22), **DENIES** Plaintiff's motion to stay (doc. 27), and directs the parties to set a briefing schedule for Plaintiff's motion for conditional certification and Defendant's motion to dismiss/compel.

## Background

Plaintiff brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime wages owed to Plaintiff and other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Missouri state law, including the Missouri Minimum Wage Law ("MMWL"), RSMo. § 290.500, *et seq.* (Doc. 1 at ¶ 3.) Plaintiff brings an FLSA claim in Count I arising out of Defendant's alleged unlawful unpaid training policy for which he seeks conditional certification under 29 U.S.C. § 216(b). (*Id.* at ¶ 40.)

Defendant seeks a temporary stay of briefing pending this Court's ruling on its motion to dismiss/compel. Then, if the Court ultimately denies Defendant's motion to dismiss/compel, Defendant requests a period of fourteen (14) days after the Court's ruling to file its suggestions

in opposition to Plaintiff's motion for conditional certification. Plaintiff, on the other hand, seeks to stay the briefing scheduling and consideration of Defendant's motion to dismiss/compel pending this Court's ruling on his motion for conditional certification. Alternatively, if the Court denies Plaintiff's request for a stay, Plaintiff requests an extension of twenty-one (21) days to respond to Defendant's motion to dismiss/compel. The key issue in the parties' competing motions to stay is whether the Court should decide Defendant's motion to dismiss/compel (doc. 24) before or after ruling on Plaintiff's motion for conditional certification (doc. 11).

<u>Discussion</u>

The unique nature of FLSA collective actions and the purpose of the Federal Arbitration Act (FAA) are both relevant to the Court's consideration of the competing motions to stay.

**I.**     **<u>FLSA Collective Actions</u>**

Class actions brought under FLSA differ considerably from class actions brought under Rule 23. Under 29 U.S.C. §216(b) of the FLSA, employees may bring an action on behalf of themselves and on behalf of other employees "similarly situated." "[A] similarly situated employee must 'opt-in' to the collective action to be bound by the proceeding's outcome[.]" *Kautsch v. Premier Communs.*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007). Put another way, an employee will not become a plaintiff to the action "unless he gives his consent in writing to become such a party" and files this consent in the district court where the case is pending. *Davis v. NovaStar Mortg., Inc.*, 408 F.Supp. 2d 811, 815-16 (W.D. Mo. Nov. 8, 2005) (quoting 29 U.S.C. § 216(b)). By contrast, in a Rule 23 class action, plaintiffs are not required to opt-in and instead, will be a part of the litigation unless they specifically opt out of the class action. This distinction is significant because an employee's statute of limitations under an FLSA collective action will toll when the employee files his or her written consent to become a party plaintiff in the court where the action is pending. 29 U.S.C. § 257. Prompt and early notice is therefore important in FLSA collection actions.

## II.  Federal Arbitration Act

Also relevant, Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  "The preeminent concern of Congress in passing the Act was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate[.]"  *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Congress's intent in enacting the FAA is to move litigants who have executed an arbitration agreement "out of court and into arbitration as quickly and easily as possible."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983).

## III.  Parties' Arguments

In Defendant's motion to stay, Defendant makes the following arguments: (1) arbitration is the threshold issue and should be determined first; (2) Plaintiff will not be prejudiced because Plaintiff is free to assert his rights through arbitration; and (3) Defendant's response to Plaintiff's motion for conditional certification may be unnecessary in that the motion will be moot or postponed if the case goes to arbitration.

Plaintiff raises the following arguments in support of Plaintiff's motion to stay and in opposition to Defendant's motion to stay: (1) expedited notice to the putative class members is essential to avoid prejudice to claims of putative class members due to the nature of the  statute of limitations in FLSA cases; (2) Defendant's motion presents merit-based issues that are inappropriate at the first stage of conditional certification; and (3) efficiency is best served by deciding conditional certification first because the issue of arbitrability of all opt-in plaintiffs can be addressed at one time as opposed to facing multiple rounds of motions to compel arbitration as class members join.

## IV.  Evaluation of the Competing Motions to Stay

The Court is not persuaded that staying the briefing for either motion is necessary.  With respect to judicial economy, if the motion to dismiss/compel is granted, deciding class certification would be unnecessary, but if the motion to dismiss/compel is denied, the Court

could be faced with individual motions to compel each time a plaintiff opts-in. As to any prejudice to the parties, denying both motions ensures prompt notice to the putative class members and recognizes the FAA's purpose to enforce valid arbitration agreements as quickly as possible.[1]

The Eighth Circuit has not addressed the specific issue that is before the Court. While Plaintiff cites to a case in the Western District of Missouri for his position, Defendant presents case law outside of this circuit to support a contrary position. *Compare Brooks v. C.H. Robinson, Int'l, Inc.*, No. 4:16-CV-00939-HFS (W.D. Mo. May 9, 2017) (the court granted the plaintiff's motion to stay the motion to compel arbitration finding that conditional certification is merely notice and should be ruled upon before addressing the merits-based arbitration issue), *with Reyna v. Int'l Bank of Commerce*, 39 F.3d 373, 377-78 (5th Cir. 2016) (the district court was required to address arbitrability of the plaintiff's claims as a threshold question prior to considering the plaintiff's motion for class certification), *Doe #1 v. Déjà Vu Consulting Inc.*, 2017 WL 3837730, at *8 (M.D. Tenn. Sept. 1, 2017) (concluding that a motion to compel arbitration must take precedence over any other pending motion, and noting that consideration of arbitrability does not reach the merits of the parties' claims), *and Hughes v. S.A.W. Entertainment, LTD*, 2017 WL 6450485, at *9 (N.D. Ca. Dec. 12, 2017) ("the issue of whether the named plaintiffs can litigate their claims in a court or must arbitrate their claims is a threshold issue").

---

[1] Defendant suggests, without supporting case authority, that equitable tolling is an available remedy to Plaintiff's prejudice argument regarding the statute of limitations and putative class members. However, "equitable tolling is an exception to the rule, and therefore should be used only in exceptional circumstances." *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009) (equitable tolling is only available when: (1) a party has pursued its rights diligently and (2) extraordinary circumstances exist). Further, equitable tolling is not uniformly available to protect putative FLSA class members as it is an exceedingly narrow window of relief. *Compare Bergman v. Kindred Healthcare, Inc.*, 949 F.Supp. 2d 852, 860 (N.D. Ill. June 11, 2013) ("[t]he long delay in issuing a ruling [on a motion for conditional certification] is an extraordinary circumstance that should not cause the opt-ins to lose out on the potential benefits of this lawsuit"), *with Sylvester v. Wintrust Fin. Corp.*, 2014 WL 10416989, at *2 (N.D. Ill. Sept. 26, 2014) (a court's delay in ruling on a plaintiff's motion for conditional certification is not an extraordinary circumstance to justify equitable tolling), *and Soto v. Wings 'R Us Romeoville, Inc.*, No. 15-CV-10127, at *10 (N.D. Ill. Sept. 8, 2016) (the doctrine of equitable tolling would not be an extraordinary remedy if it were available during the pendency of every conditional class certification motion).

## Conclusion

After considering the arguments presented by the parties, the Court determines the appropriate course is to deny both parties' motions to stay. The parties are directed to create a briefing schedule to address the Plaintiff's Motion for Conditional Certification and the Defendant's Motion to Dismiss/Compel Arbitration. After the parties confer, the parties are directed to file a briefing schedule with the Court within seven (7) days of the date of this Order.

Accordingly, it is hereby **ORDERED** as follows:

1.  Defendant's Motion to Stay Briefing and for Extension of Time to Respond to Plaintiff's Motion for Conditional Certification (doc. 22) is **DENIED**.

2.  Plaintiff's Motion to Stay Consideration of Defendant's Motion to Dismiss, Pending a Ruling on Conditional Certification (doc. 27) is **DENIED**.

3.  The parties are directed to jointly submit a briefing schedule for Plaintiff's Motion for Conditional Class Certification and the Defendant's Motion to Dismiss/Compel Arbitration. The briefing schedule is due within seven (7) days of the date of this Order.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: March 9, 2018