IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ALBERT J. ASTARITA, DIANA M. OWENS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) ) |
| MENARD, INC., | ) ) ) ) |
| Defendant. | ) |

No. 5:17-06151-CV-RK

## ORDER

Before the Court is Plaintiff Diana M. Owens' Amended Motion for Conditional Certification of Class Claims Under 29 U.S.C. § 216(b).[1] (Doc. 79.) The motion is fully briefed and ready for disposition.

## Background

Owens brings this collective action under the Fair Labor Standards Act ("FLSA") alleging that, pursuant to its company-wide policies and procedures, Defendant Menard, Inc. ("Menard") failed to pay her and other similarly situated employees overtime for all hours worked over forty (40) in a single workweek. (Doc. 78 at ¶¶ 2, 3.) Owens challenges an unpaid training policy and procedure that Menard applied to all hourly, non-exempt employees who worked at its home improvement stores nationwide. (Doc. 80 at 6.) Specifically, Menard failed to pay its employees for the time they spent participating in Menard's In-Home Training Program. (Doc. 78 at ¶¶ 34-37.) Owens further alleges that Menard acted in willful violation of the FLSA. (Doc. 78 at ¶ 78.)

Owens seeks conditional certification of the following class within the three-year period preceding a ruling on this motion: "All persons currently and formerly employed by [Menard] in

---

[1] The motion was originally brought by both Plaintiffs Albert Astarita and Diana Owens, however, Plaintiff Astarita's claims have previously been stayed pending completion of arbitration. (Doc. 113.)

1

hourly positions within the United States who participated in [Menard's] In-Home Training Program at any time during the last three (3) years."[2] (Doc. 78 at ¶ 51; Doc. 80 at 6.)

## Discussion

The FLSA requires employers to pay most employees a regular hourly rate for up to forty (40) hours a week and overtime compensation at a rate of one and one-half times the regular rate for hours worked in excess of forty (40). 29 U.S.C. §§ 206, 207(a)(1). Additionally, it provides a private right of action to recover damages for violations of the FLSA's overtime provisions, including unpaid wages, plus an equal amount of liquidated damages for violations of §§ 206 and 207. 29 U.S.C. § 216(b). An action may be brought by an employee for himself or herself and on behalf of "other employees similarly situated." *Id.* In an FLSA collective action, plaintiffs must opt-in" to participate. *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1228-29 (W.D. Mo. 2007).

"A district court may certify a case as a collective action only if members of the class are 'similarly situated' or raise similar legal issues regarding coverage, exemption, or nonpayment of wages[.]" *Taylor v. Bear Communs.*, LLC, No. 4:12-CV-01261-BCW, 2013 U.S. Dist. LEXIS 90352, at *4 (W.D. Mo. June 27, 2013) (citation omitted). "The plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class." *Id.* (citation omitted). The FLSA does not define the term "similarly situated," and federal courts have applied varying standards to determine whether potential opt-in plaintiff are "similarly situated" under § 216(b). *Kautsch v. Premier Communs.*, 504 F. Supp. 2d 685, 688-89 (W.D. Mo. Jan. 23, 2007). Although the Eighth Circuit has not articulated a standard for conditionally certifying FLSA classes, the majority of the district courts in the Eighth Circuit use a two-step process. *Id.* (collecting cases); *see also Taylor*, 2013 U.S. Dist. 90352 at *5 (collecting cases).

Under the two-step process, during the first stage, plaintiffs move for class certification for the limited purpose of providing notice to putative class members. *Kautsch*, 504 F. Supp. 2d at 688. During this stage, the "similarly situated" threshold requires only a "modest factual showing." *Id.* at 689 (quoting *Realite v. Ark Restaurants Corp.*, 7 F. Supp.2d 303, 306 (S.D.N.Y.

---

[2] At the Court's direction, the parties submitted a joint proposed order for conditional certification. The parties' proposed order redefines the class as follows:

> All present and former hourly employees who worked or are working at Menard's retail home improvement stores and/or distribution centers throughout the United States at any time from December 21, 2014 to the present, and participated in the In-Home Training Program without compensation, who worked 40 or more hours per workweek including any time spent in in-home training, and whose employment agreement does not contain a class or collective action waiver.

1998) and citing *Davis v. Novastar Mortgage, Inc.*, 408 F. Supp.2d 811, 815 (W.D. Mo. 2005)). Courts do not evaluate the merits of the plaintiff's claim at this early stage. *Polzin v. Schreiber Foods*, Inc., No. 10-1117-CV-SW-GAF, 2011 U.S. Dist. LEXIS 142955, at *7 (W.D. Mo. Aug. 15, 2011). Instead, plaintiff "need only establish a colorable basis for [a] claim that the putative class members were together the victims of a single decision, policy, or plan." *Polzin v. Schreiber Foods, Inc.*, No. 10-1117-CV-SW-GAF, 2011 U.S. Dist. LEXIS 142955, at *8 (W.D. Mo. Aug. 15, 2011) (citing *Kautsch*, 504 F. Supp. 2d at 688) (internal quotation marks omitted). This "lenient standard generally results in conditional certification of a representative class." *Polzin*, 2011 U.S. Dist. LEXIS 142955, at *9. Any doubts in the notice stage should favor allowing conditional certification. *Id.*

If the court allows conditional certification of a class, "putative class members are given notice and the opportunity to 'opt-in,' and the action proceeds as a collective action throughout discovery. *Id.* at *8. "At the second step of the process, the defendant may move to decertify the class." *Id.* This step generally occurs after discovery is complete when the parties and court have more information. *Kautsch*, 504 F. Supp. 2d at 688.

Here, the Court's analysis is limited to the notice step, or first step in the process. Applying a lenient standard, and after consideration of the record and arguments before it (in particular, docs. 78, 79, 80, 80-1, 80-2, 80-3, 80-4, 94 & 100), the Court finds that at this stage of the litigation, Owens has established a colorable basis for her claim that the putative class members were the victims of a single decision, policy, or plan by Menard. Specifically, Owens' allegations and evidence indicate Menard may have implemented an unpaid training policy that uniformly results in certain hourly employees being paid for fewer hours than actually worked in violation of the FLSA. Therefore, the Court will grant conditional certification and order as follows:[3]

    1.    The following collective is conditionally certified under 29 U.S.C. § 216(b):

> All present and former hourly employees who worked or are working at Menard's retail home improvement stores and/or distribution centers throughout the United States at any time from December 21, 2014 to the present, and participated in the In-Home Training Program without compensation, who worked 40 or more hours per workweek including any time spent in in-home training, and whose employment agreement does not contain a class or collective action waiver.

---

[3] The follow six numbered directives are taken from the parties' joint proposed order.

2. Plaintiff Diana M. Owens is appointed as class representative;

3. McClelland Law Firm, P.C. is appointed as class counsel;

4. Within three (3) days of this Order, Defendant Menard, Inc. will provide Plaintiff Diana M. Owens with the last known contact information for each member of the approximately 12,837 putative class members in a Microsoft Excel document.  This list is identical to the list provided to the class counsel in *Griffith, et al. v. Menard, Inc.*, Case No. 3:18-cv-02074, U.S. District Court, Northern District of Ohio, Western Division.

5. Within twenty-one (21) days of this Order, the Notice of Collective Action and Consent Form (attached as "Exhibit A") shall be mailed via first-class mail to all putative class members by Analytics Consulting, LLC, a third-party class action administrator retained by Plaintiff Diana M. Owens' counsel; and

6. All Consent Forms must be returned by putative class members pursuant to the Notice of Collective Action within forty-five (45) days of the mailing date in order for them to participate in this action.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 7, 2018