IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| ALBERT J. ASTARITA, DIANA M. OWENS,<br><br>        Plaintiffs,<br><br>   v.<br><br>MENARD, INC.,<br><br>        Defendant. | Case No. 5:17-06151-CV-RK |

**ORDER GRANTING PLAINTIFF'S MOTION FOR EQUITABLE TOLLING**

Before the Court is Plaintiff Diana M. Owens's Motion for Equitable Tolling. (Doc. 117.) Plaintiff requests that equitable tolling be ordered for potential class members from the date of Plaintiff's motion for conditional certification (May 10, 2018) through the Court's order on conditional certification (December 7, 2018). (Doc. 127 at 5.) Defendant opposes the motion, and it is fully briefed and ready for decision. (Doc. 119; Doc. 127.) After careful consideration and for the reasons below, the motion is **GRANTED**.

The statute of limitations in an FLSA collective action does not toll for potential class members until they file written consent to become plaintiffs. 29 U.S.C. § 257. Under appropriate circumstances, "[a]n applicable statute of limitations may . . . be tolled by the doctrine of equitable tolling." *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005). The Court finds equitable tolling appropriate here due to the postponement of the issue of conditional certification while the Court resolved the issue of arbitrability. *See Larson v. Isle of Capri Casinos, Inc.*, No. 4:16-cv-902-ODS, Doc. 84 at *4-5 (W.D. Mo. April 4, 2018) (tolling the statute of limitations in an FLSA action because of the delay in resolving other threshold pretrial motions before ruling on conditional certification) *Arwine-Lucas v. Caesars Enters. Servs., LLC*, No. 4:17-cv-451-HFS, Doc. 112 at *4-5 (W.D. Mo. Oct. 22, 2018) (same).

In support of the Court prioritizing the resolution of arbitrability ahead of conditional certification, Defendant previously argued the Court could remedy any prejudice to putative plaintiffs by granting a motion by Plaintiff for equitable tolling. The Court is not persuaded by Defendant's revised position against equitable tolling.

Tolling is warranted here to preserve fairness, allow careful consideration of the legal issues by the Court, and to avert prejudice.

Accordingly, the motion for equitable tolling is **GRANTED**. The Court tolls the FLSA statute of limitations for potential class members from May 10, 2018, through December 7, 2018.

**IT IS SO ORDERED.**

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: February 5, 2019