IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| ALBERT J. ASTARITA, DIANA M. OWENS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Case No. 5:17-06151-CV-RK |
| v. | ) |  |
|  | ) |  |
| MENARD, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CORRECTIVE NOTICE AND EQUITABLE TOLLING

Before the Court in this collective action under the Fair Labor Standards Act ("FLSA") is Plaintiff Diana M. Owens's Motion for Corrective Notice and Equitable Tolling. (Doc. 162.) The Second Amended Complaint in this case alleges that Defendant Menard, Inc. ("Menard") violated the FLSA and state law by failing to pay employees for participating in its in-home training program. (Doc. 78.) Plaintiff's motion argues that the Court should approve a corrective class notice and equitably toll the statute of limitations for certain putative class members because Menard required them to sign class and collective action waivers while this case was pending. For the reasons below, the motion is **GRANTED in part** and **DENIED in part**. Specifically, the corrective notice is **APPROVED**, but Plaintiff's request for equitable tolling is **DENIED without prejudice** as unripe.

### Background[1]

Prior to June 2016, all of Menard's hourly non-management employees signed employment agreements that contained arbitration clauses with class and collective action waivers. (Doc. 163 at 5-6.) In June 2016, Menard entered into a settlement with the National Labor Relations Board ("NLRB") that required Menard to revise its employment agreements so non-management employees could pursue class or collective actions in court. (*Id.* at 4.) As a result, the employment agreements of non-management employees hired between June 2016

---

[1] The Court draws background information from the Second Amended Complaint, the parties' briefs, and counsel's statements during the July 25, 2019 discovery dispute telephone conference and the April 6, 2018 injunction hearing.

1

and May 2018 did not contain arbitration clauses with class or collective action waivers—at least initially.

Plaintiff Albert Astarita filed this action on December 21, 2017. On March 1, 2018, Menard sought to place him in a management position, to which the NLRB carveout did not apply, and presented him with a new employment agreement that contained an arbitration clause with a class and collective action waiver. Astarita refused to sign it, and he was fired. On March 6, 2018, Astarita moved for an injunction seeking (among other things) reinstatement as an employee and an order prohibiting Menard from imposing similar arbitration agreements with class and collective action waivers on other putative class members. (Doc. 42 at 1-2.) The Court denied the injunction following a hearing on April 6, 2018, during which the following exchange occurred:

> MR. McCLELLAND: We request that the judge issue an order prohibiting defendant from attempting to interfere with or prevent class members from opting in this action by way of requiring them to sign arbitration agreements that would waive their rights to participate in this action without notifying them of this pending action.
>
> THE COURT: And what is Menard's response?
>
> MR. BITTNER: Your Honor, Menard's response is such relief is not warranted. . . . [I]f in fact the Court would be at some point inclined to rule that there was conditional certification and opt-in notice went out, there could be certainly appropriate explanatory language about the arbitration issue, assuming that we were that far down the road at that point. So I don't think it's necessary or warranted.
>
> . . . .
>
> Mr. McCLELLAND: . . . . All we're asking for is a notification that anyone issued an arbitration agreement there is pending litigation.
>
> THE COURT: I think we have tools to address any potential harm in the future if your relief is not granted today, so I won't grant relief in that aspect either at this juncture.

(Doc. 115 at 37-40.)

The next month, on May 21, 2018, the Supreme Court handed down *Epic Systems Corporation v. Lewis*, 138 S. Ct. 1612 (2018). In *Epic Systems*, the Supreme Court abrogated the NLRB's view of the law and held that the National Labor Relations Act ("NLRA") does not prohibit employers from enforcing class and collective action waivers. In the wake of *Epic Systems*, while this case was pending, Menard resumed its practice of inserting arbitration clauses with class and collective action waivers in its employment agreements for new non-

2

management employees and current non-management employees who were up for "merit reviews." (Doc. 163 at 12-13.)

On November 13, 2018, the Court compelled Plaintiff Albert Astarita to arbitration, leaving only Owens as the named plaintiff. (Doc. 113.) Then, following a telephone conference on November 27, 2018, the Court certified the following collective to be given notice of this action under 29 U.S.C. § 216(b):

> All present and former hourly employees who worked or are working at Menard's retail home improvement stores and/or distribution centers throughout the United States at any time from December 21, 2014 to the present, and participated in the In-Home Training Program without compensation, who worked 40 or more hours per workweek including any time spent in in-home training, and whose employment agreement does not contain a class or collective action waiver.

(Doc. 118 at 3.)

Plaintiff now argues that a corrective notice should be issued because she has discovered that Menard improperly contacted putative class members while the case was pending and required them to sign class and collective action waivers without giving them proper notice of this lawsuit. On July 25, 2019, the Court held a discovery dispute telephone conference on this issue and requested further briefing.

Plaintiff then filed the present motion, which requests an order (1) approving a corrective notice informing people who were hired by Menard on an hourly basis between June 2016 and May 2018 whose original employment agreements did not contain class or collective action waivers that they can still join this case even if they signed waivers after the case was filed on December 21, 2017; (2) compelling Menard to produce contact information for these individuals; and (3) equitably tolling the statute of limitations as to these individuals. The motion is fully briefed and ready for decision. (Doc. 162; Doc. 169; Doc. 170.)

## Discussion

### I. Corrective Notice

This Court has "discretionary authority to oversee the notice-giving process" in an FLSA collective action. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). "The [C]ourt has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71. Accordingly, the Court may "correct the effects of pre-certification communications with potential FLSA collective action members after misleading, coercive, or improper communications are made."

3

*Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 922 (11th Cir. 2014). In determining whether communications were misleading, coercive, or improper, the Court focuses on the manner of the communications. *Jimenez v. Menzies Aviation Inc.*, No. 15-CV-02392-WHO, 2015 WL 4914727, at *5-6 (N.D. Cal. Aug. 17, 2015).

Plaintiff argues that Defendant's imposition of class and collective action waivers were improper communications because Defendant did not (1) give the putative plaintiffs who signed waivers notice about this lawsuit; (2) inform them about the effect of the waiver on their rights to participate in this lawsuit; or (3) give them an opportunity to opt out of the waiver. This Court agrees.

"Employees have a right to make an informed choice as to whether to participate in an FLSA collective action." *Rogers v. WEBstaurant Store, Inc.*, No. 4:18-cv-00074-JHM, 2018 WL 3058882, at *6 (W.D. Ky. June 20, 2018) (cleaned up). For this reason, courts have held that it is improper for a defendant to obtain class and collective action waivers from putative class members without giving them notice about the pending lawsuit; informing them about the effect of the waiver on their rights in the case; and providing them a reasonable opportunity to opt out of the waiver. *See id.* (requiring notice about the lawsuit); *Balasanyan v. Nordstrom, Inc.*, Nos. 11-cv-2609-JM-WMC, 10-CV-2671-JM-WMC, 2012 WL 760566, at *2-4 & nn.2-3 (S.D. Cal. Mar. 8, 2012) (same); *Jimenez*, 2015 WL 4914727 at *5-6 (requiring notice about the effect of the waiver and clear opportunities to opt out).

Menard fails to engage with Plaintiff's argument that it improperly contacted putative plaintiffs. Instead, it cites *Epic Systems* and a subsequent administrative decision by the National Labor Relations Board, *In re Cordúa Restaurants, Inc.*, 368 NLRB No. 43 (Aug. 14, 2019). These decisions are irrelevant to the issue before the Court. They address whether the NLRA prohibits employers from enforcing class and collective action waivers, not whether and under what circumstances a corrective notice should be issued when an employer obtains a waiver while an FLSA collective action is already pending. Menard does not contest that it imposed waivers on putative plaintiffs without giving them notice of this case, information about the effect of the waiver, or an opportunity to opt out of the waiver. These were improper communications that deprived putative plaintiffs of an opportunity to make an informed choice about whether to join this lawsuit. Accordingly, the Court will approve the proposed corrective notice attached to Plaintiff's reply brief.

4

## II. Discovery of Contact Information

Menard excluded from its initial class list that was produced in discovery people who were required to sign revised employment agreements containing waivers while this case was pending. In order for Plaintiff's class administrator to give notice to these people, it must have their contact information. Accordingly, the Court will order Menard to produce a supplemental class list containing the last known contact information of all putative class members hired between June 2016 and May 2018, whose original employment agreements did not contain a class or collective action waiver, and who were not included on the first class list prepared by Menard. *See Hoffmann-La Roche*, 493 U.S. 170 (proper to compel production of contact information post-certification). *Cf. Haworth v. New Prime*, No. 6:19-cv-03025-RK, Doc. 67 (W.D. Mo. Sept. 12, 2019) (addressing concerns with a pre-certification request for contact information).

## III. Equitable Tolling and Ripeness

Plaintiff requests an order equitably tolling the statute of limitations for those who will be added to the supplemental class list. This issue is not ripe for decision at this time.

Ripeness is jurisdictional, so the Court must address it *sua sponte*. *See United States v. Gates*, 915 F.3d 561, 563 (8th Cir. 2019). "Ripeness requires [the Court] to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (cleaned up). "The fitness prong safeguards against judicial review of hypothetical or speculative disagreements." *Id.* (quotation marks and citation omitted). "The hardship prong considers whether delayed review inflicts significant practical harm on the petitioner." *Id.* (same).

Here, regarding the fitness prong, Plaintiff's equitable tolling argument would require the Court to speculate about hypothetical disagreements. On the present record, it is not apparent whether any of the people who will be added to the supplemental class list will attempt to join this lawsuit. Plaintiff and Menard have not identified who is in this group or how many people it might contain. While Plaintiff claims there are tens of thousands of people in the group, Menard claims there are merely hundreds, which if true, would diminish the chance of any opt-ins. Furthermore, each of these putative plaintiffs signed arbitration agreements containing class and collective

action waivers, and Plaintiff has not yet asked the Court to determine whether these agreements will be enforceable—only whether a corrective notice should be issued. This also diminishes the chance of any opt-ins.

Even if the Court were to assume that at least some of the putative plaintiffs are likely to opt in, it is not apparent that Menard will or even can raise the statute of limitations defense against these putative plaintiffs. Menard has failed to address Plaintiff's equitable tolling argument in its opposition to the present motion. *See Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-CV-04175-NKL, 2011 WL 5563444, at *1 (W.D. Mo. Nov. 15, 2011) (failure to contest a motion at the appropriate time may result in waiver of the statute-of-limitations defense).

Even if the Court were to go another step further and assume that Menard will be allowed to raise the statute of limitations as to any new opt-ins, the present record would still be insufficient to address equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (quotation marks and citation omitted). Regarding the first element of equitable tolling, the Court cannot determine whether any putative class members pursued their rights diligently until they are before the Court.[2]

Regarding the second ripeness prong, there is not likely to be any hardship to Plaintiff or any potential opt-ins because they can seek equitable tolling after the opt-in period has closed.

## Conclusion

Accordingly, Plaintiff's motion is **GRANTED in part** and **DENIED in part**. (Doc. 162.) Specifically, the Court **ORDERS** as follows:

1. Within three days of this Order, Menard will provide Plaintiff with the last known contact information of all putative class members hired by Menard between June 2016 and May 2018, whose original employment agreements did not contain a class or collective action waiver, and who were not included on the first class list prepared by Menard ("Supplemental Class List").

---

[2] Regarding the second element, Menard's improper communications with putative class members appears to weigh in favor of equitable tolling. *See Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 798 (8th Cir. 1998) (tolling is appropriate if "a claimant has received inadequate notice" or was "lulled . . . into inaction" by "affirmative misconduct on the part of a defendant").

2. The proposed corrective notice attached to Plaintiff's reply brief is **APPROVED**. (Doc. 170-2.) Within 21 days of this Order, the corrective notice shall be mailed via first-class mail to all putative class members on the Supplemental Class List by Analytics Consulting, LLC, a third-party class action administrator retained by Plaintiff's counsel.
3. All consent forms must be returned by putative class members pursuant to the notice within 45 days of the mailing date in order for them to participate in this action.
4. Plaintiff's request for equitable tolling is **DENIED without prejudice** as unripe.

   **IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 8, 2019