# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ALBERT J. ASTARITA, DIANA M. OWENS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 5:17-06151-CV-RK ) ) |
| MENARD, INC., | ) ) |
| Defendant. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AN EMERGENCY STAY AND FOR LEAVE TO APPEAL

Before the Court is Defendant Menard Inc's ("Menard's") motion for an emergency stay and to certify the Court's November 8, 2019 Order for interlocutory appeal. (Doc. 174.) For the reasons below, the motion is **GRANTED in part** and **DENIED in part**. Specifically, a certificate of appealability is **DENIED**, but a stay is **GRANTED** pending a decision by the Eighth Circuit on Menards' forthcoming writ petition.

## Background

The Second Amended Complaint in this case alleges that Defendant Menard, Inc. ("Menard") violated the Fair Labor Standards Act ("FLSA") and state law by failing to pay employees for participating in its in-home training program. (Doc. 78.) On March 6, 2018, Plaintiff Albert Astarita moved for an injunction seeking (among other things) to prohibit Menard from imposing arbitration agreements containing class and collective action waivers on putative class members. (Doc. 42 at 1-2.) During an injunction hearing on April 6, 2018, Astarita refined his request: "All we're asking for is a notification that anyone issued an arbitration agreement there is pending litigation." (Doc. 115 at 38.) In opposition, Menard assured the Court that such a notice was unnecessary at that time because, assuming the Court were to eventually approve a class notice, "there could be certainly appropriate explanatory language about the arbitration issue." (Doc. 115 at 38.) Based on Menard's representation, the Court denied Astarita's request.

Menard then did exactly what Astarita feared. The next month, on May 21, 2018, the Supreme Court handed down *Epic Systems Corporation v. Lewis*, 138 S. Ct. 1612 (2018), which held that the National Labor Relations Act ("NLRA") does not prohibit employers from enforcing

class and collective action waivers in general. Menard then began inserting arbitration clauses containing class and collective action waivers in its employment agreements for a particular group of putative class members whose original employment agreements did not contain waivers. In doing so, Menard did not give these putative class members notice of this lawsuit; inform them about the effect of the waiver on their ability to participate in this case; or give them an opportunity to opt out of the waiver. Menard also did not inform Plaintiff Diana Owens's ("Plaintiff's") counsel that it did this until after the Court issued a class notice that excluded those who signed waivers from the class definition.[1]

On November 8, 2019, the Court authorized a corrective notice to inform those who were required to sign revised employment agreements containing waivers while this case was pending that they can still join the action. (Doc. 173.) The Court also ordered Menard to produce a Supplemental Class List within three days. (*Id.*) On November 13, 2019, Menard filed the present motion for an emergency stay and certification for purposes of filing an interlocutory appeal. (Doc. 174, 175.) The same day, the Court temporarily stayed Defendant's deadline to produce the Supplemental Class List in order to preserve the status quo. (Doc. 176.) Menard's motion is now before the Court.

## Discussion

### I. Interlocutory Appeal

A party may appeal an interlocutory order under 28 U.S.C. § 1292(b) if it obtains both a certification from this Court and permission from the Eighth Circuit. To certify an order for interlocutory appeal, the Court must conclude "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Here, there is no substantial ground for difference of opinion that a supplemental class notice is necessary to correct Menard's improper contacts with putative class members. During the injunction hearing, Menard assured the Court that an order informing putative class members about this case was unnecessary at that stage of the proceedings because the arbitration issue could be explained in a class notice. Menard then proceeded to impose arbitration agreements on a particular group of putative plaintiffs that (if enforceable) would prohibit them from participating

---

[1] Astarita has been compelled to arbitration, leaving only Owens as the named plaintiff.

2

in this case. Menard did this without giving them notice about the case; informing them of how the waiver would affect their ability to participate in this case; and providing an opportunity to opt out of the waiver. Menard then remained silent about this when the time came to issue a class notice, and it failed to include this group of people on the original class list it produced to Plaintiff.

Menard argues that the Court was incorrect to issue a corrective notice because arbitration contracts containing class and collective action waivers are "presumptively" enforceable, so anyone who signed such an agreement, regardless of the circumstances, should not be allowed to join the case. Menard fails to acknowledge, however, that these agreements may be unenforceable due to the timing and the manner of their imposition. *See Balasanyan v. Nordstrom, Inc.*, Nos. 11-cv-2609-JM-WMC, 10-CV-2671-JM-WMC, 2012 WL 760566, at *2-4 & nn.2-3 (S.D. Cal. Mar. 8, 2012) (refusing to compel arbitration for failure to give notice about the lawsuit); *Jimenez v. Menzies Aviation Inc.*, No. 15-CV-02392-WHO, 2015 WL 4914727, at *5-6 (N.D. Cal. Aug. 17, 2015) (refusing to compel arbitration for failure to give notice about the effect of the waiver and clear opportunities to opt out).

Menard also argues that the Court "did not explain why an employer must provide this information in the first place." (Doc. 175 at 12.) Menard is incorrect. The Court explained that these disclosures are necessary because "[e]mployees have a right to make an informed choice as to whether to participate in an FLSA collective action." (Doc. 173 at 4 (quoting *Rogers v. WEBstaurant Store, Inc.*, No. 4:18-cv-00074-JHM, 2018 WL 3058882, at *6 (W.D. Ky. June 20, 2018)); *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) (employees must be given notice "so that they can make informed decisions about whether to participate"); *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 924 (11th Cir. 2014) ("unsupervised, unilateral communications with . . . potential plaintiffs can sabotage the goal of the FLSA's informed consent requirement . . . ."). It is undisputed that Menard imposed the waivers while the case was pending and without notice about the case, notice about the effect of the waiver, or an opportunity to opt out of the waiver.[2]

---

[2] Because Menard failed to contest these facts, Menard is incorrect that the Court's November 8 Order is not supported by evidence of unenforceability. Furthermore, the present motion is the first time Menard has suggested that there was any factual dispute regarding the corrective notice issue that was before the Court. Menard fails to specify what facts it believes are disputed or why it believes the "preponderance of the evidence" shows that the waivers are enforceable despite its contacts with putative class members. (Doc. 175 at 5.)

The cases cited by Menard do not address the issue that was before this Court in its November 8 Order. Those cases address whether a class notice should be sent to potential plaintiffs even though, prior to the lawsuit, they had executed binding arbitration agreements. *Compare In re JPMorgan Chase & Co.*, 916 F.3d 494, 498 (5th Cir. 2019) (they should not be given notice); *and Dietrich v. C.H. Robinson Worldwide, Inc.*, No. 18-C-4871 (N.D. Ill. Mar. 20, 2019) (same); *with Bigger v. Facebook, Inc.*, 375 F. Supp. 3d 1007, 1025 (N.D. Ill. 2019) (they should be given notice), *interlocutory appeal granted*, No. 19-1944 (7th Cir. 2019). Unlike those cases, the Court in this case was not tasked in the November 8 Order with deciding whether to give notice to all potential plaintiffs who had executed valid arbitration contracts prior to the filing of the lawsuit. The Court had already decided that issue in favor of Menard—in the original class definition, the Court expressly excluded people whose employment agreements contained a class or collective action waiver. (Doc. 118 at 3.) In the November 8 Order, the Court was tasked with deciding whether a corrective notice was necessary for a select group of putative class members who were never given notice of this lawsuit because Menard improperly imposed waivers on them while this case was pending. *JPMorgan Chase*, *Dietrich*, and *Bigger*, do not address this issue.

Because there is no substantial ground for difference of opinion that a corrective notice is necessary in this case, the Court will deny a certificate of appealability.

## II. Stay

Menard states that it intends to seek a writ from the Eighth Circuit, and it requests a stay pending a decision on its forthcoming writ petition. The factors for issuing a stay pending appeal appear to be relevant to whether a stay is appropriate in this situation: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Blacktop, Inc. v. Edible Arrangements Int'l, LLC*, No. 4:14-CV-00005-DGK, 2014 WL 12695690, at *1 (W.D. Mo. Apr. 30, 2014) (similar factors for a stay pending a decision on a motion to dismiss under the Court's inherent authority to control its docket).

Here, Menard is not likely to succeed on the merits for the reasons discussed above and in the Court's prior Order (Doc. 173). However, Menard may be irreparably harmed if a stay is not

entered and Menard receives a favorable ruling from the Eighth Circuit.  The Court gave Menard an unusually short deadline of three days to produce the Supplemental Class List because time is generally of the essence when issuing notice in an FLSA collective action.  Unlike a run-of-the-mill class action, the statute of limitations continues to run against putative plaintiffs in an FLSA collective action until they affirmatively opt into the lawsuit.  Without a stay, Plaintiff would be authorized to immediately issue notice to those on the Supplemental Class List.  This could occur before the Eighth Circuit has adequate time to address Menard's writ petition.  In contrast, no harm will likely come to Plaintiff or any putative plaintiff because Menard has agreed to toll the statute of limitations for the period of the stay.[3]  (Doc. 175 at 11.)

For these reasons, the Court will stay its November 8, 2019 Order until the Eighth Circuit rules on Menard's forthcoming writ petition.

**Conclusion**

Accordingly, Menard's motion is **GRANTED in part** and **DENIED in part**.  Specifically, a certificate of appealability is **DENIED**, but the Court's November 8, 2019 Order is **STAYED** pending a decision by the Eighth Circuit on Menard's forthcoming writ petition.  The Court expects Menard to file its writ petition promptly to avoid unnecessary delay.

**IT IS SO ORDERED.**

                                          s/ Roseann A. Ketchmark
                                          ROSEANN A. KETCHMARK, JUDGE
                                          UNITED STATES DISTRICT COURT

DATED:  November 14, 2019

---

[3] The public-interest factor is neutral.