# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ALBERT J. ASTARITA, DIANA M. OWENS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MENARD, INC., | ) ) |
| Defendant. | ) ) |

Case No. 5:17-06151-CV-RK

## ORDER DENYING CONTINUED STAY

Before the Court is Defendant Menard, Inc.'s ("Menard's") motion for a 14-day continued stay or, in the alternative, for an order setting a schedule on the issue of arbitrability. (Doc. 185.) For the reasons below, the motion is **DENIED**.

## Background

On November 27, 2018, in this action brought under the Fair Labor Standards Act ("FLSA"), the Court conditionally certified this case as a collective action and authorized Plaintiff to send notice of the case to other potential plaintiffs whose employment agreements did not include class or collective action waivers. (Doc. 118.) The parties then continued with discovery, and Plaintiff filed several notices that other class members consented to joining the case.

On August 25, 2019, Plaintiff informed the Court during a telephone conference that, while this case was pending but before the class notice was issued, Menard required many more of its employees to sign arbitration agreements containing class and collective action waivers—16,896 employees to be exact—and excluded these people from the original class list that was produced to Plaintiff in November 2018. (Doc. 185 at 1 n.1.) Plaintiff then filed a motion for a corrective class notice to give these people notice, and Menard responded. On November 8, 2019, after considering the parties' arguments during the telephone conference, the motion, and Menard's response, the Court found that Menard's communications with potential class members were improper because Menard did not notify them about this case, inform them about the effect of the waiver, or give them an opportunity to opt out of the waiver. (Doc. 173.) As a result, the Court ordered Menard to produce a supplemental class list containing all of the people who were improperly contacted and authorized Plaintiff to send them a corrective notice. (*Id.*)

1

Thereafter, Menard requested leave to file an interlocutory appeal, which the Court denied. However, upon Menard's request, the Court stayed its November 8, 2019 Order to allow Menard to seek a writ from the Eighth Circuit. (Doc. 176; Doc. 177.) The Court then later extended the stay, again upon Menard's request, to allow it to seek en banc review from the Eighth Circuit. (Doc. 182.) The Eighth Circuit en banc has now denied all relief, and Menard's production of a supplemental class list has come due. (Doc. 182; Doc. 184.) However, rather than producing the supplemental class list, Menard has filed a motion in this Court seeking (1) an additional 14-day stay to contemplate whether it will file a petition for writ of certiorari in the Supreme Court of the United States or (2) an order setting a schedule to allow Menard to contest the corrective notice.

## Discussion

### I. Request for Stay

The relevant factors for issuing a stay pending appeal in this situation are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Blacktop, Inc. v. Edible Arrangements Int'l, LLC,* No. 4:14-CV-00005-DGK, 2014 WL 12695690, at *1 (W.D. Mo. Apr. 30, 2014) (similar factors for a stay pending a decision on a motion to dismiss under the Court's inherent authority to control its docket).

The Court finds that a continued stay is not appropriate under the present circumstances. Menard is unlikely to succeed on the merits of a petition for a writ of certiorari for the reasons previously stated in the Court's November 8, 2019 Order (Doc. 173) and because the Eighth Circuit has denied Menard's writ petition without comment. Regarding irreparable harm, although this Court previously acknowledged that Menard may have been irreparably harmed if a stay was not entered and Menard thereafter received a favorable appellate ruling, this factor has now changed. Irreparable injury to Menard is now outweighed by the substantial injury that would be caused to the other parties by a significant delay.

This case was filed in December 2017. The parties then filed various motions and extensive briefing on whether to prioritize conditional certification or Menard's motion to compel Plaintiff Albert Astarita to arbitration (which has been granted). Although these issues were resolved and a class notice was issued in November 2018, the parties are still in the initial stages of this

2

collective action due to the present dispute about Menard's improper contacts with class members and the scope of the class notice. Menard's petition for a writ of certiorari would not be due until April 29, 2020. Plaintiff and those who have opted into this case should not be made to wait any longer; nor should the public. Accordingly, Menard's request for a stay is denied.

## II.     Schedule Regarding Arbitration

Menard's request for a "schedule" on the issue of arbitration stems from *Bigger v. Facebook*, No. 19-1944, 2020 WL 401804, at *4 (7th Cir. Jan. 24, 2020), which the Seventh Circuit handed down while Menard's writ petition was pending before the Eighth Circuit. In *Bigger*, the court held that district courts in the Seventh Circuit must follow a particular procedure when a defendant alleges that a proposed collective action notice includes those who executed arbitration agreements. *Id.* Specifically, *Bigger* requires district courts to allow a defendant to present evidence to prove its claim that there are valid arbitration agreements for those on the class list when the plaintiff contests the issue. *See id.*

Even if the Court were to agree that *Bigger* provides a workable framework for addressing the question of whether arbitration employees should be included on a class list as an initial matter,[1] the Court believes applying this framework at this stage in the proceedings would be improper. Menard has already had a chance to argue that the arbitration employees it contacted while this case was pending should not be on the class list, and allowing Menard a second chance to make the same arguments would only result in additional, unnecessary delay.

When Plaintiff raised the issue of whether Menard had improperly contacted potential class members, the Court gave Menard an opportunity to respond both during the August 25, 2019 telephone conference and in briefing. Plaintiff directed the Court and Menard to case law showing that arbitration agreements may be unenforceable due to the timing and manner of their imposition, particularly when a putative FLSA collective action was already pending and the agreements were imposed without an opt-out provision or adequate notice about the lawsuit or the waiver. *See Balasanyan v. Nordstrom, Inc.*, Nos. 11-cv-2609-JM-WMC, 10-CV-2671-JM-WMC, 2012 WL 760566, at *2-4 & nn.2-3 (S.D. Cal. Mar. 8, 2012) (refusing to compel arbitration for failure to give notice about the lawsuit); *Jimenez v. Menzies Aviation Inc.*, No. 15-CV-02392-WHO, 2015

---

[1] Menard provided the Eighth Circuit with a citation to *Bigger* before the court denied the writ. However, given the stringent standard for an extraordinary writ and the particular facts at issue in this case, the Court does not read the Eighth Circuit's rejection of Menard's writ petition as a rejection of *Bigger*.

3

WL 4914727, at *5-6 (N.D. Cal. Aug. 17, 2015) (refusing to compel arbitration for failure to give notice about the effect of the waiver and clear opportunities to opt out).  Menard failed to engage with these cases or with Plaintiff's argument that Menard had improperly contacted potential plaintiffs.  Instead, Menard opted to argue that the Supreme Court's decision in *Epic Systems Corporation v. Lewis*, 138 S. Ct. 1612 (2018), and a subsequent administrative ruling showed that arbitration agreements are "presumptively" enforceable despite the National Labor Relations Act—which is clearly beside the point even if accurate.  (Doc. 177 at 3 (Order denying leave to appeal but granting stay); *see also* Doc. 169 (Menard's brief).)

Menard has already been granted an opportunity to be heard on this issue, both by this Court and by the Eighth Circuit.  The present motion provides no indication that Menard, if given a second bite at the apple under the framework announced in *Bigger*, would have any additional basis to prevent those on the supplemental class list from receiving notice of this lawsuit.  Accordingly, Menard's motion for a schedule to further address the arbitration issue is denied.

## Conclusion

For the foregoing reasons, Menard's motion is **DENIED**.  (Doc. 185.)

**IT IS SO ORDERED.**

                                                       s/ Roseann A. Ketchmark
                                                      ROSEANN A. KETCHMARK, JUDGE
                                                      UNITED STATES DISTRICT COURT

DATED:  February 6, 2020